IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01039-STV

JOHN EDWARD CROSS, SR.,

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____

# ORDER
_____

Magistrate Judge Scott T. Varholak

This matter is before the Court on Plaintiff's Motion for Award of Attorneys' Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "Motion"). [#22] For the following reasons, the Motion is **GRANTED**.

The Equal Access to Justice Act ("EAJA") provides for an award of attorneys' fees to the prevailing party in a civil action against the United States. 28 U.S.C. § 2412(d)(1). The Court must award reasonable attorneys' and paralegal fees to Plaintiff "if: (1) [he] is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)); *see also Harris v. R.R. Ret. Bd.*, 990 F.2d 519, 521 (10th Cir. 1993) (noting that reasonable fees for work performed by paralegals are recoverable under the EAJA). Here, the only contested issue is whether the position of the United States was

substantially justified.  [*See generally* #24]  On this issue, the Commissioner bears the burden.  *Hackett*, 475 F.3d at 1172.

"The test for substantial justification in this circuit is one of reasonableness in law and fact."  *Id*. (quotation omitted).  The Commissioner's "position can be justified even though it is not correct, and . . . it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."  *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988).  But, "the fact that the government's litigating position was substantially justified does not necessarily offset prelitigation conduct that was without a reasonable basis."  *Hackett*, 475 F.3d at 1174.  Indeed, "EAJA fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position."  *Id.* (quotation omitted).  However, the Tenth Circuit recognizes an exception to this rule "when the government advances a reasonable litigation position that 'cure[s] unreasonable agency action.'"  *Evans v. Colvin*, 640 F. App'x 731, 733 (10th Cir. 2016) (quoting *Hackett*, 475 F.3d at 1174).  Pursuant to this exception, "[e]ven when the ALJ's reasons were unreasonable, EAJA fees may still be denied when the Commissioner reasonably (even if unsuccessfully) argues in litigation that the ALJ's errors were harmless."  *Groberg v. Astrue*, 505 F. App'x 763, 765 (10th Cir. 2012).

This harmless error exception only applies when the Commissioner raises "a 'true' harmless error argument."  *Id*. at 765 n.1.  A "true" harmless error argument contends "that the ALJ's errors do not require reversal because other reasoning already contained explicitly or implicitly in [the ALJ's] decision supplied sufficient grounds for affirmance notwithstanding the error . . . or because [the reviewing court] could confidently say that

no reasonable administrative factfinder, following the correct analysis, could have resolved [a] factual matter in any other way." *Id.* (quotation omitted). The Tenth Circuit "do[es] not consider an entirely new rationale for affirmance on grounds different from those previously considered by the ALJ to be a true harmless error argument." *Id.*

Here, the Court found that the ALJ erred by simultaneously adopting Dr. Comrie's assessment of Plaintiff's social functioning yet nonetheless rejecting Dr. Comrie's assessment that Plaintiff would be limited to "superficial interaction with coworkers." [#20 at 19-20] In arguing against reversal, the Commissioner raised several arguments. None of these arguments, however, were true harmless error arguments.

First, the Commissioner cited other portions of Dr. Comrie's opinion in which Dr. Comrie stated that Plaintiff could engage in occasional collaboration with others and accept instructions from authority, but must avoid public contact. [#15 at 15 (citing AR 117); *see also* #24 at 4-5] The Commissioner thus argued that "it was reasonable for the ALJ to translate Dr. Comrie's opinion to a limitation that Plaintiff was capable of occasional interaction with coworkers and supervisors, but no interaction with the public." [*Id.*] But, as this Court already held, "it [wa]s the [Commissioner]—not the ALJ—who provide[d] th[e] attempted reconciliation and it is the ALJ—not this Court—that is charged with reconciling the medical opinions." [#20 at 21] Thus, the Commissioner was not relying on reasoning already contained within the ALJ's decision, but was offering an entirely new rationale.[1] As a result, the Commissioner's argument was not "a true harmless error

---

[1] Relatedly, in his opposition to the Motion, the Commissioner argues that the ALJ never adopted Dr. Comrie's opinion and "that it was reasonable for the ALJ to consider the full context of Dr. Comrie's opinion and translate Dr. Comrie's opinion into a vocationally relevant limitation that Plaintiff was capable of occasional interaction with coworkers and supervisors, but no interaction with the public." [#24 at 4-5] But, to the extent the ALJ

3

argument" and the harmless error exception does not apply.  *Groberg*, 505 F. App'x at 765 n.1; *see also Honeycutt v. Colvin*, No. 13-cv-1243-DDC, 2016 WL 4000930, at *6 (D. Kan. July 26, 2016) (finding harmless error exception did not apply where the Commissioner raised an argument different from that relied upon by the Appeals Council).

Second, the Commissioner argued that, even had the ALJ adopted Dr. Comrie's limitations, Plaintiff could still have performed his past work as a voucher clerk.  [#15 at 16; *see also* #24 at 6-7]  But, in making this argument, the Commissioner relied entirely upon the *Dictionary of Occupational Titles*.  [*Id.*]  The Vocational Expert ("VE"),  however, testified that the position of voucher clerk required more than superficial supervision.[2]  [AR 72-73]  And the ALJ relied upon the VE's testimony, not an independent review of the *Dictionary of Occupational Titles*.  [AR 21]  Thus, once again, the Commissioner's argument was "an entirely new rationale for affirmance on grounds different from those previously considered by the ALJ."  *Groberg*, 505 F. App'x at 765 n.1.

---

did not adopt Dr. Comrie's opinion in its entirety—affording it only some weight—the ALJ failed to explain his basis for rejecting Dr. Comrie's limitation to superficial interaction with coworkers. [AR 18] Thus, without guidance from the ALJ, the Court would need to accept "an entirely new rationale for affirmance on grounds different from those previously considered by the ALJ." *Groberg*, 505 F. App'x at 765 n.1. As a result, the Commissioner's argument was not "a true harmless error argument" and the harmless error exception does not apply. *Id.*

[2] Relatedly, the Commissioner argued that Plaintiff's contention that the VE testified that the position of voucher clerk required more than superficial interaction was inaccurate. [##15 at 15-16; 24 at 8-9]  The Court did not find this argument persuasive, dispensing with it in a footnote.  [#20 at 20 n.6]  And the Court still fails to discern how an individual could require more than superficial supervision—as the VE testified—but yet not require more than superficial interaction with coworkers.  As a result, and for the additional reasons outlined in the Court's previous footnote, the Court does not believe that the Commissioner's argument on this point had "a reasonable basis in law and fact" or would lead "a reasonable person [to] think it correct." *Pierce,* 487 U.S. at, 566 n.2.  Accordingly, the position of the United States as to this argument was not substantially justified.

Finally, the ALJ argued that the record as a whole generally supported the conclusion that Plaintiff was capable of occasional social interaction.  [#15 at 17; *see also* #24 at 10-11]  But, once again, the Commissioner is relying upon his own interpretation of the record, as opposed to "reasoning already contained explicitly or implicitly in [the ALJ's] decision."  *Groberg*, 505 F. App'x at 765 n.1.  Thus, this argument, like the others advanced by the Commissioner, was "an entirely new rationale for affirmance on grounds different from those previously considered by the ALJ."  *Id.*  As a result, because the ALJ's action was unreasonable, and because the harmless error exception does not apply, EAJA fees are appropriate.  *Hackett*, 475 F.3d at 1174.

The Commissioner does not challenge the reasonableness of the claimed fee, but the Court nonetheless briefly addresses that issue.  The Court determines a reasonable attorneys' fees award by calculating the "lodestar amount"—the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[3] *Auto-Owners Ins. Co. v. Bridgewater Int'l, Inc.*, No. 15-cv-01665-PAB-KLM, 2018 WL 1046791, at *1 (D. Colo. Feb. 21, 2018) (first quoting *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998), then quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  In addition to attorneys' fees, the Supreme Court has held that "a prevailing party

---

[3] The EAJA states that the amount of attorneys' fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  "The Court has significant discretion to determine the appropriate hourly rate for an award of fees under the EAJA," *Moreno-Gutierrez v. Napolitano*, No. 10-cv-00605-WJM-MEH, 2013 WL 3233574, at *7 (D. Colo. June 26, 2013), and "[c]ourts in this district routinely grant cost of living adjustments to attorney fee petitions under the EAJA," *Brown-Mueller v. Colvin*, No. 13-cv-00537-PAB, 2016 WL 860468, at *3 (D. Colo. Mar. 7, 2016) (collecting cases).

that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates." *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008).

Here, Plaintiff seeks reimbursement of attorneys' fees at an hourly rate of $219.83 and paralegal fees at an hourly rate of $100.00. [#23 at 2] Based upon 39.8 hours of attorney time and 8.2 hours of paralegal time,[4] Plaintiff contends he is entitled to a total of $9,569.24 under the EAJA. [##23 at 2; 26 at 4] The Court concludes that this proposed attorneys' fee award is reasonable. *See e.g.*, *Stura v. Colvin*, No. CIV-14-521-KEW, 2016 WL 6882845, at *1-2 (E.D. Okla. Nov. 21, 2016) (awarding $6,213.00 in attorneys' fees for 32.7 hours in social security appeal); *Brown-Mueller v. Colvin*, No. 13-cv-00537-PAB, 2016 WL 860468, at *4 (D. Colo. Mar. 7, 2016) (awarding $8,921.77 in attorneys' fees for 47.6 hours expended at an hourly rate ranging from $186.53 to $189.67 in a social security appeal).

Accordingly, it is **ORDERED** that Plaintiff's Motion [#26] is **GRANTED** and that Plaintiff is awarded $9,569.24 in attorneys' fees. If it is determined upon effectuation of this Order that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, the fee awarded herein shall be made payable to Plaintiff's attorney, Howard D. Olinsky.

DATED:  July 19, 2022                             BY THE COURT:

                                                  s/Scott T. Varholak
                                                  United States Magistrate Judge

---

[4] Plaintiff includes detailed records for how the hours billed were allotted to specific tasks. [##23-2; 26-1]; *Auto-Owners*, 2018 WL 1046791, at *1.